# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE**, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | **I.D. Nos. 2409002803;** |
| | ) | **2410005207** |
| **MAWAMI BARBER**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER

This 13th day of May 2026, the Court enters the following Order:

1. Defendant Mawami Barber ("Barber") is an inmate in the Delaware Corrections system. He has been in its custody since October 2024 when he was sentenced to two years of incarceration on a drug conviction, plus an additional six months because the conviction violated a probation he was already on from a previous drug conviction.[1]

2. Barber has moved for modification of his sentence before. In that motion, he claimed previous sexual abuse and medical issues, urging the Court to

---

[1] Barber pled guilty to a Class B Felony which included a two-year mandatory minimum sentence. *See State v. Barber*, Superior Court Criminal Docket, ID No. 2410005207, Docket Item (hereinafter "D.I. _") 13.

make the violation of parole and underlying conviction sentences run concurrently.[2] The Court denied that motion in August 2025.[3]

3.      The motion currently before the Court is filed under 11 *Del. C.* §4217, which permits defendants to obtain compassionate release from a sentence based upon a defendant's "serious medical illness or infirmity."[4] A "serious medical illness or infirmity" is a defined term under the statute and includes cognitive incapacity, permanent physical incapacity, and severe illness.[5] This latter basis is the one relied on by Barber. Severe illness under the statute requires a showing that the applicant suffers from a "significant and permanent or chronic physical or mental condition that meets all of the following: 1. Requires extensive medical or behavioral health treatment with little to no possibility of recovery" and "2. Significantly impairs rehabilitation."[6]

4.      Pursuant to the Defendant's application for relief, the Department of Correction reviewed the Defendant's medical history and current condition. In its review, the Department recited that the Defendant is a 51-year-old male with Type 2

---

[2] D.I. 15.
[3] D.I. 16.
[4] 11 *Del. C.* §4217(a)(3)(a).
[5] *Id.* §4217(c)(4).
[6] *Id.* §4217(c)(4)(c).

Diabetes.[7]  He had some collateral consequences – neuropathy and high blood pressure – as well as some unrelated conditions, to wit: substance use and bi-polar disorder.  In the Department's assessment, "Mr. Barber's medical conditions are chronic but stable.  His diabetes control has improved since admission to DOC. Stability of his medical conditions depends on his compliance with medications and treatment plans."[8]  It was the Department's unanimous conclusion that Defendant's healthcare needs could be met by the Department and did not support a "medical illness or infirmity" basis for early release under Section 4217.[9]

5.     The Court agrees with the Department's medical assessment. Defendant's complaints about access to treatment are not sufficient to warrant a finding that the Department cannot care for the Defendant's chronic conditions.  The conditions he describes are common among the adult population in America and do not rise to the level of "serious medical infirmity" contemplated by the compassionate release statute.[10]  His conditions are being controlled by the Department.  To find his health circumstances sufficiently debilitating as to warrant

---

[7] D.I. 21.

[8] *Id.*

[9] *Id.*

[10] According to the National Institute of Health, an estimated 38.1 million Americans over age 18 had diabetes in 2021. *See Diabetes Statistics*, NAT'L INST. HEALTH, https://www.niddk.nih.gov/health-information/health-statistics/diabetes-statistics (last updated Jan. 2024).

release from incarceration under Section 4217 would subject a large number of the inmate population to immediate release. In the Court's view, this is a distortion of the purpose of compassionate release for serious medical infirmity.

The motion for compassionate relief under Section 4217 is therefore **DENIED**.

**IT IS SO ORDERED.**

/s/ Charles E. Butler
Charles E. Butler, Resident Judge

cc:     Prothonotary
        Mawami Barber (SBI #01037379)
        Charles Oberly, Esq., Deputy Attorney General